KEN-TOOL MANUFACTURING COMPANY, Plaintiff, *v.* RED PATCH
AND RELINER COMPANY, INC., and LEAH I. ZIET, Doing Business
under the Name of PARAMOUNT SALES COMPANY, Defendants.

Supreme Court, Special Term, Kings County, March 23, 1943.

*Frank J. McEwen* for plaintiff.

*Theodore I. Welenken* and *Solomon M. Martin* for defendants.

FENNELLY, J.  This is an action for an injunction restraining
defendants from manufacturing, selling or offering for sale,

a particular type of automobile tire-removing tool that plaintiff was manufacturing and selling, and that was designed to meet a problem created by a new type of safety rim. Attached to this tool, when offered for sale, was a tag with detailed instructions and illustrations as to its use.

At the time this action was commenced there was a patent pending, the rights to which had been assigned to plaintiff. The patent was subsequently granted, and is now held by plaintiff.

This action is not based upon the infringement of the patent, jurisdiction of which would be solely in the Federal courts; but upon the claim that after plaintiff had created a market the defendant unfairly competed by selling precisely similar tools with similar tags of instructions.

The plaintiff created a market for its product by advertising in five different trade journals and by mail matter, 100,000 of same being printed and 40,000 to 50,000 mailed.

The tool and tag purchased from the defendants are exactly the same as plaintiff's, excepting that the tool has nothing on it to indicate the manufacturer and omits the legend " Pat. Pend. Akron, O." The tag instead of " Ken-Safety Wheel Tire Tool " has " Universal Safety Wheel Tire Tool," and instead of " Ken " uses the word " Universal " in the instructions, and omits the name of the manufacturer and " Patent Pending."

The testimony shows that duplicates of plaintiff's Exhibits 8 and 9 in a Paramount Sales Co. box were on sale in Schenectady and others in Utica.

Defendants' general manager testified that they bought 100 tools from the plaintiff and 2,000 tools with rubber handles from other manufacturers, and that 850 were sold. He testified that defendants' records do not show from what manufacturers the tools were purchased; and that defendants did no manufacturing themselves.

The tool sold by the defendants, as testified to by Gallagher, and the one manufactured by plaintiff are in design and function exactly the same. The tags in size and appearance are the same.

There is no difference in the instructions on the tag, excepting as above stated, and the illustrations even to the color of the sleeves of the man's arms shown handling the tool are exactly the same. There is only one conclusion that I can come to and that is that these tools were being sold by defendants, who were taking advantage of the market created by plaintiff. Ordinarily in actions of this kind there must be proof of fraudulent intent; that the offending party was trying to palm off his product as that of another.

Similarity, however, may be so great that fraudulent intent may be inferred from mere inspection. (*Day* v. *Webster*, 23 App. Div. 601.)

Defendants should not escape from their wrongdoing upon the specious plea that they were merely selling and not manufacturing; and that their purchases were made from manufacturers unknown.

Plaintiff is entitled to both the injunction and accounting.

Pleadings and exhibits may be had from the clerk.